MEYER & RAAPKE ET AL. v. T. J. FAGAN.

[FILED MARCH 9, 1892.]

1. **Bills of Exceptions:** DELAY IN SIGNING: LACHES OF COMPLAINING PARTY. Where a motion was made to quash the bill of exceptions because not presented to and signed by the judge within the time fixed by law, it appeared that the bill had been presented to one of the attorneys for the defendant in error within the time fixed by statute; that such attorney had retained the bill for a long time and that the delay in presenting the bill to the judge for his signature was caused by such attorney retaining the bill; *held*, that such default could not be assigned as a reason for quashing the bill and that the motion would be overruled.

2. **Wrongful Attachment:** ELEMENTS OF DAMAGE. Where,

from the issue made by the pleadings, it is in effect admitted that an attachment was wrongfully sued out and levied on the debtor's stock of goods, although they were not removed from the store, such debtor, after the dissolution of the attachment, will be entitled to damages for injury to his business and credit, and a verdict for $350 upon the evidence in the record will not be set aside.

ERROR to the district court for Greeley county. Tried below before TIFFANY, J.

*Cavanagh, Crane & Atwell,* and *Cavanagh & Thomas,* for plaintiff in error:

Remote or speculative damages resulting from injuries to credit, business, character, or feelings cannot be recovered. (Drake on Attachment, sec. 175; *Reidhar v. Berger,* 8 B. Mon. [Ky.], 160; *State v. Thomas,* 19 Mo., 613; *Donnell v. Jones,* 13 Ala., 490; *Floyd v. Hamilton,* 33 Id., 235; *Higgins v. Mansfield,* 62 Id., 269; *Pollock v. Gantt,* 69 Id., 373; *Halliday v. Cohen,* 34 Ark., 707; *Oberne v. Gaylord,* 13 Bradwell [Ill. App.], 30; *Campbell v. Chamberlain,* 10 Ia., 337; *Lowenstein v. Monroe,* 55 Id., 82 [7 N. W. Rep., 406].) To recover attorneys' fees, plaintiff must not only show that he has paid or contracted to pay the same, but also that such fees were actually charged and were proved to be reasonable. (*Shultz v. Morrison,* 3 Met. [Ky.], 98.) Damages for time spent and expenses incurred in attending court cannot be recovered. (*Harris v. Finber,* 46 Tex., 79; *Craddock v. Goodwin,* 54 Tex., 578.) No more than nominal damages can be recovered where the defendant was not dispossessed. (*Groat v. Gillespie,* 25 Wend. [N. Y.], 383.)

*T. J. Doyle, contra:*

Defendants proceeded with the case on the theory that injury to credit was a proper item of damage; they are now estopped to claim differently. (*Mills v. Miller,* 2 Neb.,

316; *Wasson v. Palmer*, 13 Id., 378.)    Mere wrongful issuance of the writ, without levy, is a ground for recovery. (*Flournoy v. Lyon*, 70 Ala., 308.)    As to the bill of exceptions: *Aultman v. Patterson*, 14 Neb., 57.

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiffs in error to recover $525 upon an undertaking for an attachment, which attachment had been issued without sufficient cause and been dissolved.    In the answer the defendants below admit the issuing and levy of the attachment and its dissolution, but deny that the goods were taken possession of by the officers and deny any injury to the defendant in error or to his business standing.  On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $350, upon which judgment was rendered.

A motion is made to quash the bill of exceptions for various reasons, among others that the bill was not presented to the trial judge for his signature till after the expiration of the time fixed by law, and was not filed in the office of the clerk of the district court.   It appears from the record that the bill was sent within the time fixed by law to one of the attorneys of the defendant in error for examination and amendment if necessary to perfect the same; that such attorney retained the bill for a long period and much beyond the time authorized by statute, and that the delay in presenting the bill to the judge for his signature was caused by the default of such attorney.   Such being the case the plaintiffs in error are not chargeable with the delay. The objection that the bill was not filed in the office of the clerk of the district court is not well founded.   The motion is therefore overruled.

A number of errors are assigned which need not be noticed.

It is admitted in effect that an attachment was issued

in the case of the plaintiffs in error against the defendant; that such attachment was levied upon the defendant in error's goods. It is true the goods were not removed from the store, but the business of the defendant in error was interrupted and some injury is shown to have resulted to his business as well as injury to his credit; these facts in effect being conceded and are clearly shown by the proof the sum of $350 does not seem excessive and there is no material error in the proceedings. The judgment is therefore

AFFIRMED.

THE other judges concur.